CLINTON R. BARNARD *v.* ESTATE OF RUFUS H. BARNARD.

Minuteness and precision are not required in stating objections to a decision of commissioners upon an insolvent estate, preparatory to taking an appeal therefrom : if the objections filed tend to show that the claim ought further to be litigated, it is for the court of probate to say whether they are stated in terms sufficiently positive and definite.

It is no cause for dismissing the appeal, that the application for the appeal includes the statement of the applicant's objections to the decree appealed from.

In this case the application for the appeal stated that the applicants objected that a claim allowed by the commissioners was *unjust*, and it was held that it was sufficient, and that the county court erred in dismissing the appeal for want of a more definite statement of objections.

APPEAL from the court of probate. The appellants, who were minor heirs of the intestate, stated in their application for the appeal that the commissioners upon the estate had allowed to the appellee, Clinton H. Barnard, a claim of $600 against the estate, "which the said minor heirs, and their guardian, deem unjust, and to the injury of the said minor heirs." No other statement of objections was filed by the appellants in the probate court. The probate court allowed the appeal, and bonds were given for the appeal, pursuant to the statute.

In the county court the appellee filed a motion to dismiss the appeal, alledging as a reason that it did not appear that the appellants, at the time of filing their application for the appeal, filed also in the probate court a written statement of their objections to the decision appealed from. The county court dismissed the appeal ; to which decision the appellants excepted.

*C. Linsley* for appellants.

1. Even in a case in which no objections have been filed in the probate court, we insist that the cause cannot be dismissed, after i has been once entered in the county court. There is no provision in the statute, that, on a failure to observe any particular prescribed by statute, the appeal shall be defeated. The statute is directory, and designed to point out a general mode of practice, but should

not be so construed as to divest the appellate court of jurisdiction for every slip in the modes of proceedure,—since such construction would leave the party without a remedy.

2. In this case the objections were filed, and it is insisted that they are not sufficient. These proceedings being in the probate court, it is for that court to determine whether the objections are satisfactory ; and, when received by that court, and acted upon, and an appeal is taken, it is too late to complain of them. To object that a claim is unjust, is to say, in substance, that the claimant has no such claim as he pretends in justice.

*E. D. Barber* for appellee.

By the 25th section of the 49th chapter of the Revised Statutes it is provided that, when an executor or administrator declines to appeal from the decision of commissioners, any person interested in the estate as creditor, *heir*, &c., may appeal from such decision in *the same manner* as the executor or administrator might have done, and the same proceedings shall be had. And by the 18th section of the same chapter it is provided, that, when any executor or administrator shall appeal from such decision, " he shall, at the time of filing his application, file also in the register's office his objections to such claim in writing. " In this case no such objections were filed, and the appeal was properly dismissed, as not being otherwise allowed by statute.

The rule is fully settled, that whoever claims the benefit of a statute must comply *strictly* in *every respect* with its provisions and conditions.

The opinion of the court was delivered by

ROYCE, J. The objections to be filed by a party, who is about to appeal from an allowance of commissioners, are doubtless designed to operate as notice of the grounds on which he expects to defend against the claim allowed. But, since they are to precede the filing of a declaration upon the claim, they cannot serve as any part of the pleadings. Neither would it be a reasonable construction of the statute to hold, that the party contesting the claim must be strictly limited, in his subsequent defence, to the matter thus stated by way of objection.

We have no occasion, at present, to decide whether a compliance with this requirement of the statute is an indispensable prerequisite to the allowance of an appeal, or whether the statute, in this particular, may be regarded as merely directory to the court of probate. In either view it is obvious that minuteness and precision in stating the objections should not be required. And if, instead of being manifestly frivolous and impertinent, they tend to show that the claim ought further to be litigated, it must belong to the court of probate to determine whether they are stated in terms sufficiently positive and definite. We think it not inconsistent with the statutory provisions, that the application for an appeal should also include the applicant's objections to the claim allowed.

It is alledged, by way of objection to the claim in this instance, that the applicants deem it unjust, and to their injury as minor heirs to the estate. This might be all that the heirs, or their guardian, could at that time with confidence state. They might feel assured, for many reasons, that it was grossly unjust, and yet not have learned the particular facts by which it could be successfully resisted. And since it appears that this representation on the part of the heirs was received and acted upon by the court of probate, as constituting objections duly filed under the statute, we consider that the county court erred in dismissing the appeal.

Judgment reversed, and the cause remanded to the county court.